IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JUAN CAROLS AGUILAR-DIAZ, | ) |
| Petitioner, | ) |
| v. | ) CV 314-040 |
| STACEY N. STONE, Warden, | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. Petitioner seeks an Order from the Court directing the Bureau of Prisons to cease collecting payments for the fine imposed as part of his judgment of conviction until such time as he is placed on supervised release. (Doc. no. 1, p. 7.) In his response to the Court's order to show cause, Respondent asserts the collection of fine payments from Petitioner halted on July 8, 2014, and therefore the petition is moot. (See doc. no. 11.) Petitioner has not responded to Respondent's filing or otherwise alerted the Court that he has not already been provided the relief sought in his petition. For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** as **MOOT** and **CLOSED**.

I. DISCUSSION

A jury sitting in the United States District Court for the Western District of Texas convicted Petitioner of Conspiracy to Possess with Intent to Distribute 100 or More

Marijuana Plants. (Doc. no. 11, Ex. A, Attach. 2, p. 1.) United States District Judge Sam Sparks sentenced Petitioner to a term of sixty months of imprisonment, four years of supervised release, a $100.00 special assessment, and a $5,000.00 fine. (Id. at 1-3, 7.) In relevant part, the judgment entered on December 29, 2011, provides the following instructions concerning the payment of criminal monetary penalties: "Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment." (Id. at 7.) The judgment further states the special assessment was to be paid immediately, but as to the fine, states, "The defendant shall pay a fine of $5,000.00 at the direction of the U.S. Probation Office, while on supervised release, until paid in full." (Id. at 7 (emphasis added).)

In October 2013, MCF officials enrolled Petitioner in the Bureau of Prisons' Inmate Financial Responsibility Program ("IFRP"), and a payment schedule was created whereby Petitioner was required to make payments toward his $5,000.00 fine. (Doc. no. 1, Ex. 3, p. 1.) Petitioner was threatened with sanctions if he failed to comply with the payment schedule. (Id.) Petitioner then filed the instant § 2241 petition challenging the collection of payments via IFRP as violative of the instructions in the judgment entered by Judge Sparks.[1] (See generally id.) Upon investigation after entry of the Court's order to show cause, the Bureau of Prisons removed Petitioner from IFRP as of July 8, 2014. (Doc. no. 11, Ex. A, ¶ 7 & Attach. 3.)

As a result, the instant matter is moot. The jurisdiction of federal courts is limited by Article III of the Constitution to "Cases" or "Controversies." Soliman v. United States, 296

---

[1]Challenges to the manner in which the Bureau of Prisons administers the IFRP are properly brought pursuant to § 2241. See United States v. Kinsey, 393 F. App'x 663, 663-64 (11th Cir. 2010) (*per curiam*).

F.3d 1237, 1242 (11th Cir. 2002) (*per curiam*). "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Barrera v. United States Attorney Gen., 557 F. App'x 877, 881 (11th Cir. 2014) (*per curiam*); Soliman, 296 F.3d at 1242. If events occurring after the filing of a petition deprive the court of the ability to provide meaningful relief, then the case is moot and must be dismissed. Soliman, 296 F.3d at 1242; see also Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff 'must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'")(citation omitted). Because mootness is jurisdictional, dismissal is required if no case or controversy remains. Id.

Here, the record confirms that as of July 8, 2014, the relief Petitioner sought when he filed this petition has been granted. (Doc. no. 11, Ex. A.) Consequently, no case or controversy remains for which the Court can grant meaningful relief, and this proceeding must be dismissed.

## II. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** as **MOOT** and **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of September, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA